sioner of corrections. Minn. Stat. § 243.05 (1990). The commissioner enacted new parole regulations, including a rule that "[a]ll release dates established by the Minnesota corrections board will be left in full force and effect by the commissioner." 3 Minn. Rule § 2940.1500, subp. 2 (1991). Petitioner was informed that this new regulation effectively froze his release date.

Petitioner filed this civil rights action under Rev. Stat. § 1979, 42 U. S. C. § 1983, asserting that application of the new parole regulation to his case violated the *Ex Post Facto* Clause. The United States District Court for the District of Minnesota entered summary judgment for respondents. A divided panel of the Court of Appeals for the Eighth Circuit affirmed, holding that "the Minnesota parole regulations are not 'laws' for ex post facto purposes . . . ." *Bailey* v. *Gardebring*, 940 F. 2d 1150, 1157 (1991). The court, again divided, denied rehearing en banc.

The judgment of the Court of Appeals conflicts with decisions of other Courts of Appeals, which have held that application of changed state parole regulations may pose *ex post facto* problems. See, *e. g.*, *Akins* v. *Snow*, 922 F. 2d 1558 (CA11), cert. denied, 501 U. S. 1260 (1991); *Royster* v. *Fauver*, 775 F. 2d 527 (CA3 1985). Because the issue is likely to arise frequently, I would grant certiorari to resolve the disagreement.

No. 91–7239. MOUNT *v.* UNITED STATES. C. A. 1st Cir. Certiorari denied. JUSTICE BLACKMUN took no part in the consideration or decision of this petition.

No. 91–899. SLOAN *v.* UNITED STATES, 502 U. S. 1060;

No. 91–5477. BROWN *v.* UNITED STATES, 502 U. S. 1075;

No. 91–5613. WADE *v.* GEORGIA, 502 U. S. 1060;

No. 91–6199. KENNEDY *v.* SINGLETARY, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, ET AL., 502 U. S. 1066;

No. 91–6225. AHMED *v.* STONE, SECRETARY, DEPARTMENT OF THE ARMY, 502 U. S. 1062;

No. 91–6334. CHALK *v.* HARRISON ET AL., 502 U. S. 1041;

No. 91–6469. SMYTHE *v.* GREEN ET AL., 502 U. S. 1063;

No. 91–6474. STONE *v.* DALLMAN, WARDEN, 502 U. S. 1063;

No. 91–6514. WHITE *v.* ALABAMA, 502 U. S. 1076;

No. 91–6523. LOMBARD *v.* NEW YORK CITY BOARD OF EDUCATION ET AL., 502 U. S. 1064;

No. 91–6563. BRYMER *v.* HESSON, ACTING WARDEN, ET AL., 502 U. S. 1077; and

No. 91–6649. GREENE *v.* TELEDYNE ELECTRONICS, 502 U. S. 1080. Petitions for rehearing denied.

No. 91–5694. FERGUSON *v.* GIANT FOODS, INC., 502 U. S. 927. Petition for rehearing denied. JUSTICE THOMAS took no part in the consideration or decision of this petition.

MARCH 24, 1992

No. 91–6894. SHANO *v.* UNITED STATES. C. A. 5th Cir. Certiorari dismissed under this Court's Rule 46.

No. 91–7200. CASTILLO *v.* NEW YORK. App. Div., Sup. Ct. N. Y., 1st Jud. Dept. Certiorari dismissed under this Court's Rule 46.

MARCH 27, 1992

No. 91–1335. WALKER ET AL. *v.* UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA (EXXON CORP., REAL PARTY IN INTEREST). C. A. 5th Cir. Certiorari dismissed under this Court's Rule 46.

No. A–700. CAMP, SECRETARY OF STATE OF ALABAMA *v.* WESCH ET AL. D. C. S. D. Ala. Application for stay, presented to JUSTICE KENNEDY, and by him referred to the Court, denied. Motion to expedite consideration of the jurisdictional statement denied. Motion to permit filings initially in typewritten form granted.

No. 91–1502 (A–696). FRANKLIN, SECRETARY OF COMMERCE, ET AL. *v.* MASSACHUSETTS ET AL. D. C. Mass. [Probable jurisdiction noted, *ante,* p. 929.] Application for stay, presented to JUSTICE SOUTER, and by him referred to the Court, granted, and it is ordered that the judgment of the United States District Court for the District of Massachusetts, case No. Civ. 91–11234–